IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN GALLAGHER, ID # 23009432,   Petitioner, | )<br>)<br>) | |
| vs. | ) | No. 3:23-CV-903-S-BH |
| DALLAS COUNTY,   Respondent. | )<br>)<br>) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the petitioner's *Application to Proceed In Forma Pauperis,* received April 28, 2023 (doc. 4), and *Motion for leave to file*, received May 11, 2023 (doc. 6), should be **DENIED**, and this case should be **DISMISSED** without prejudice for failure to prosecute or follow court orders.

### I.  BACKGROUND

The petitioner, an inmate currently incarcerated in the Dallas County Jail, filed a petition for writ of habeas corpus that appeared to challenge his pretrial detention and an application for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) The filing was liberally construed as a petition for habeas corpus relief under 28 U.S.C. § 2241. (*See* doc. 5.) By notice of deficiency and order dated May 3, 2023, he was notified that because he was subject to a prior sanctions order, he must file a motion for leave to file a new habeas action. (*See id.*) He was also ordered to file an amended § 2241 petition on the correct form if he wished to pursue habeas relief, and to either pay the $5.00 filing fee for a habeas case or file an application to proceed IFP properly supported by a certificate of trust fund account statement or a comparable form, such as a resident account summary, for the six month period prior to the filing of this action, as required by 28 U.S.C. § 1915(a). (*See id.*) The

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

petitioner was specifically warned that failure to comply with the notice of deficiency and order could result in dismissal of this action. (*See id.*)

Although the petitioner submitted a motion for leave to file that was received on May 11, 2023 (doc. 6), more than thirty days from the date of the notice of deficiency and order have passed, but he has not filed an amended § 2241 petition on the correct form and either paid the filing fee or submitted an IFP application supported by a certificate of inmate trust account or comparable form.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

The petitioner has not submitted an IFP application that is properly supported by a certificate of trust fund account statement or a comparable form, such as a resident account summary, for the six month period prior to the filing of this action, as required by 28 U.S.C. § 1915(a). He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP application should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an

action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner was given thirty days to file an amended § 2241 petition on the correct form and to either pay the filing fee or submit an IFP application supported by a certificate of inmate trust account or comparable form, such as a residency account summary. He was specifically warned that failure to do so could result in dismissal of this action. Because he failed to comply with the order, this case should be dismissed for failure to prosecute or follow an order of the court.

### IV.  RECOMMENDATION

Leave to proceed *in forma pauperis* and to file this action despite a sanctions bar should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the petitioner files an amended § 2241 petition on the correct form and either pays the filing fee or submits an IFP application with the required certificate of inmate trust account within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 26th day of June, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE